RICHARD M. ALLEN *vs.* INHABITANTS OF LUBEC.

Washington.    Opinion October 22, 1914.

*Liability of Son.    Notice.    Pauper.    Revised Statutes, Chap. 27, Sec. 45. Supplies.*

In an action to recover for pauper supplies furnished under the provisions of Sec. 45 of Chap. 27, Revised Statutes;

*Held:*    In order for the plaintiff to recover for supplies furnished to his father, he must prove that his father was destitute and in need of immediate relief; that he, himself, was not financially able to take care of his father and mother; and that the notice given was such as the Statute requires.

On motion for new trial by defendant.    Motion overruled.

This action is to recover for supplies furnished by the plaintiff to L. J. Allen and his wife, who, it is claimed, were destitute and stood in need of immediate relief, and is based on the provisions of Chap. 27,

Sec. 45, of the Revised Statutes. Plea, general issue. The jury returned a verdict for the plaintiff of $168.61. The defendant filed a general motion for a new trial.

The case is stated in the opinion.

*L. D. Lamond*, for plaintiff.

*J. H. Gray*, for defendants.

SITTING: SAVAGE, C. J., SPEAR, KING, HALEY, HANSON, JJ.

SPEAR, J. In this action plaintiff seeks to recover of defendant town, under the provisions of R. S., Chap. 27, Sec. 45, the sum of $213.42, for supplies alleged to have been furnished L. J. Allen and his wife, who, it is alleged, stood in need of immediate relief, and chargeable to defendants. The account of plaintiff covers a period extending from August 22, 1912, to June 28, 1913. The jury found for the plaintiff for $168.61, and the case is before the court upon the usual motion for a new trial. The facts are as follows: In June, 1912 and prior thereto, Loring J. Allen and wife were paupers in the town of Lubec. Mr. Allen being sick was sent by the overseers of the poor of Lubec, June 17, 1912, to the Maine General Hospital at Portland for treatment. He returned August 22, 1912, and went directly to his son's house, the plaintiff, to live where his wife, Amanda Allen, had been stopping while he was away. At the hospital he was treated for piles and rupture, and for no other trouble, and from information gained from the Hospital Superintendent, it was claimed Mr. Allen came home a well man and able to do light work; hence the overseers of the poor say they gave the matter no further attention supposing him to be able to support himself and in no further need of pauper supplies.

The plaintiff claims on the contrary that Loring J. Allen was not able to support himself and wife and was in need of relief and that he, the plaintiff, a son, was not able to support him, of which, he says he notified the overseers of the poor of Lubec on the 5th of September, 1912.

The defendant contends: 1st. That Loring J. Allen when he came from the Maine General Hospital on the 22nd day of August, 1912, was able to support himself and was not in need of pauper supplies. 2nd. That if he was not able to support himself and stood in need of pauper supplies, then his son, the plaintiff, was liable

for his support.    3rd.    That no notice or request was made to the overseers of the poor by the plaintiff such as is contemplated by R. S., Chap. 27, Sec. 45.

The presiding Justice presented these issues so clearly to the jury that we quote his charge covering these points:    "To re-state it: in order for this plaintiff to recover in this action he must prove by a fair preponderance of the evidence, first, that his father was destitute and in need of immediate relief at the time these supplies were furnished right straight down through.    If he fails in that you stop right there.    If he succeeds in that you move to the next point,— that he himself was not financially able to take care of his father and mother.    If you find he was financially able that would stop the case. If you find he was not, then you move on, and the next point is the question of notice.    If you find the notice given was such as the defendants claim here, that is the end of the case; plaintiff cannot recover.    On the other hand, if you find such a notice was given as the statute requires and as the plaintiff testifies to, so they had full notice of what he expected, and the condition, and everything, then he would be entitled to recover for his necessary expenses, such as you find them to be, connected with the relief of his father."

The first two questions presented to the jury involved pure questions of fact.    The jury found against the defendants upon each question. A careful reading of the evidence does not reveal any such error on the part of the jury as requires the interference of the court.    The third contention may be said to have presented a mixed question of law and fact.    The notice given by the plaintiff as the jury found may be stated substantially as follows:    "I notified them (the overseers) about the 5th of September, Mr. Reynolds, I believe.    I stated the condition of my father, and told him I was unable to support him, and my father knew I was.    He told me that he would see Mr. Baker, another overseer, and see what could be done; I waited another week and I had no reply, and I sent and see Mr. Baker, and see what could be done; I waited another week and I had no reply, and I went and see Mr. Baker and I see Mr. Reynolds.    I told Mr. Baker if he didn't find some means of removing and supporting him I would have to see if I could get my pay, I never heard anything more and I did.    Now I am unable to."    This conversation was corroborated by his wife.

As a matter of law we think this notice contained all the elements of information required by the statute to be given to the officers of the defendant town. Then arises the question whether these elements were so clearly and expressly stated as to enable the officers to understand them. This, of course, was a question of fact for the jury under all the evidence in the case. It appears as a conceded fact that L. J. Allen had prior to this notice been a pauper upon the town of Lubec for some eight or ten years. It, therefore, seemed incredible that the Selectmen of the town with full knowledge of this fact could have failed to fully understand the full purport and meaning of the above notice given them by the plaintiff. While it was not logical nor comprehensive, it yet must have been sufficient to convey to the town officers, to two of whom it was communicated, at different times, that they were requested to remove L. J. Allen and take care of him or the plaintiff would expect them to pay him for his support after the date of the notice. At any rate the jury found that the notice was sufficient to convey this information, and we are unable to discover any good reason for disturbing their verdict upon this question.

*Motion overruled.*